McGuane, J.
This appeal is before this Division on the denial of requests for rulings of law made by the plaintiffs. All of these requests raise the issue of burden of proof by the plaintiffs.
This was an action for waste brought by the landlord owner of certain property for waste caused by his tenant.
The Trial Court made a finding for plaintiffs and assessed damages. The report contains the following language:
There was evidence that on August 10, 1978, the plaintiffs owned real estate which consisted of a two-family dwelling and land located at 100 New Ludlow Road, Granby, Massach usetts. The defendant and his family occupied the first-floor apartment and paid rent at the rate of $45.00 a week payable every two weeks.
On the afternoon of August 10,1978, the defendant went into his daughter’s room to sleep because that was the only room that had an air conditioner. He awoke about 4:00 or 5:00 P.M. tofindthebedroom filled with smoke. When he went to sleep, his wife was at home. Shortly after he went to his daughter’s room, his wife left for work. Thereafter he was alone in the apartment. The fire damaged the window casing where there was an air conditioner, the exterior of the air conditioner, and part of the cord leading from the air conditioner to a plug in the wall near the bed. The fire also damaged the mattress and the head and foot boards of the bed in which the defendant was sleeping. After the fire was put out, an ashtray with cigarette butts was found near the bed. The fire chief who investigated the cause of the fire wrote in his report that the cause of the fire was smoking and placed a question mark after the word ‘smoking,’ as he believed the probable cause was smoking but he was not certain as he was not there when the fire started. Defendant admitted that he smoked, but denied that he was smoking in bed before the fire started.
At the close of the trial and before the final arguments, the defendant made the following requests for rulings:
1. Upon all the evidence, the defendant was a tenant at will of the plaintiffs' *202 at the time the plaintiffs allege the premises were damaged by fire.
2. The plaintiffs have not sustained their burden of proving by a fair preponderance of the believable evidence that negligence on the part of the defendant was the proximate cause of the plaintiffs’ alleged damages.
3. Upon all the evidence, the plaintiffs have not sustained their burden of proving by a fair preponderance of the believable evidence that any conduct of the defendant on the day the plaintiffs allege they suffered damages was willful or so grossly negligent as to amount to reckless conduct. Lothrop v. Thayer, 138 Mass. 466.
4. Upon all the evidence, the plaintiffs have not sustained their burden of proving by a fair preponderance of the believable evidence that any willful act of the defendant was the proximate cause of plaintiffs’ alleged damage. Lothrop v. Thayer, 138 Mass. 466.
6. Upon all the evidence, the plaintiffs have not sustained their burden of proving by a fair preponderance of the believable evidence that any grossly negligent act of the defendant was the proximate cause of the plaintiffs’ alleged damages. Lothrop v. Thayer, 138 Mass. 466.
Then the Court, at the request of the defendant, made the following rulings:
1. Granted.
2. Denied — See Court’s Findings.
3. Denied — See Court’s Findings.
4. Denied — See Court’s Findings.
6. Denied — See Court’s Findings.
The Court made the following subsidiary findings:
The plaintiffs, on August 10, 1978, owned real estate which consisted of a two-family dwelling and land located at 100 New Ludlow Road, Granby, Massachusetts. The defendant and his family occupied the first floor apartment in these premises, paying rent at the rate of 146.00 every two weeks.
On the afternoon of August 10, Í978, the defendant who had worked the previous night, lay down on a bed in his daughter’s bedroom and fell asleep. He was awakened about 4:00 or 5:00 P.M. by smoke and fled the apartment. When he went to sleep his wife was home but when he awoke no one else was present in the apartment.
The fire burned the mattress, headboard and footboard of the bed that the defendant was sleeping in. In addition, as the bed was placed against the wall, the fire burned the window casing, floor molding and the exterior of the air conditioner in the window. After the fire was put out, an ashtray with cigarette butts was found near the bed. The defendant admitted that he smoked but denied that he was smoking in bed prior to the fire. The fire also caused extensive smoke damage to the rest of the defendant’s apartment.
The plaintif. real estate had a fair market value of $25,000.00 before the fire and $23,000.00 immediately after the fire. The fire caused damage to the premises in the amount of $1,826.36.
Based upon the above subsidiary findings, the Court finds that the fire in the mattress and bed was caused by the defendant’s smoking in bed.
The Court made the following rulings:
1. That the plaintiffs were free of negligence relative to the commencement of the fire.
2. That the defendant was a tenant at will of the plaintiffs.
3. That the defendant’s smoking in bed was a positive, unreasonable *203 act of a kind likely to cause iiy ury to the property of the plaintiffs, and thus contributed voluntary waste.
4. That the plaintiff sustained damages in the amount of $2,000.00 as a result of the voluntary waste of the plaintiffs’ premises by the defendant.
This report contains all the evidence material to the question reported.
Based on the evidence and findings by the Trial Court there was sufficient evidence for the Court to make a finding for the plaintiffs.
“An Appellate Court should not disturb a finding if it can support on any reasonable view of the evidence with all the rational inferences of which it is susceptible.” Luongo v. Zimmerman, 47 Mass. App. Ct. 126.
We find no prejudicial error and therefore this report is dismissed.